**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4870-17T3

SHIRL DAVID,

     Plaintiff-Appellant,

v.

ANTONIO J. WYNN,

     Defendant-Respondent.

_____

Argued September 11, 2019 – Decided September 17, 2019

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2156-13.

Stilianos Michael Cambilis argued the cause for appellant (The Law Office of Rajeh A. Saadeh, LLC, attorneys; Rajeh A. Saadeh and Kelscey Ann Boyle, on the brief).

Respondent has not filed a brief.

PER CURIAM

This post-judgment matrimonial matter returns to us after remand proceedings directed by our previous opinion. David v. Wynn, No. A-2707-16 (App. Div. March 5, 2018).[1]  In compliance with our remand order, the judge rendered a lengthy order and statement of reasons on July 31, 2018, and detailed the basis for his decision to take a measured, incremental approach to ensuring that defendant met his financial obligations going forward.

Specifically, the judge:  (1) granted plaintiff's motion to find defendant in violation of litigant's rights in connection with the alimony and equitable distribution provisions of the parties' Marital Settlement Agreement; (2) directed defendant to pay plaintiff an additional $100 per week to address his alimony arrears; (3) ordered defendant to pay plaintiff $5018.23, "representing [p]laintiff's one-half share of the former marital home"; and (4) granted plaintiff's request for counsel fees incurred in connection with two of her previous enforcement motions.

The judge denied plaintiff's requests for the imposition of additional sanctions against defendant, such as her demand that the court incarcerate defendant until he made full payment of all of his financial obligations with

_____

[1]  We assume familiarity with, and incorporate by reference, the underlying procedural history and facts contained in our prior opinion. Id. at 1-6.

interest. However, these denials were without prejudice, and preserved plaintiff's ability to request the Family Part to take more stringent enforcement measures in the event defendant later failed to abide by the order. The judge also denied plaintiff's application for counsel fees in the appeal that led to the remand under R. 2:11-4(c), and in other trial court proceedings involving the parties.

On appeal, plaintiff argues that the trial judge should have: imposed additional sanctions against defendant; ordered him to pay her additional monies in connection with the former marital home; directed him to reimburse more of her counsel fees; and required him to pay interest on all of his outstanding financial obligations. Based on our review of the record and the applicable law, we conclude that plaintiff's arguments are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief comments.

Our standard of review is well settled. Rule 1:10-3 "provide[s] a mechanism, coercive in nature, to afford relief to a litigant who has not received what a Court Order or Judgment entitles that litigant to receive." D'Atria v.

D'Atria, 242 N.J. Super. 392, 407 (Ch. Div. 1990).[2]  "The particular manner in which compliance may be sought is left to the court's sound discretion."  Bd. of Educ. of Middletown v. Middletown Twp. Educ. Ass'n, 352 N.J. Super. 501, 509 (Ch. Div. 2001).  We will also not disturb a counsel fee award in a matrimonial case under Rule 5:3-5(c) except "on the 'rarest occasion,' and then only because of clear abuse of discretion."  Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters.  Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).  Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record."  MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

While we owe no special deference to the judge's legal conclusions, Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995),

> we "should not disturb the factual findings and legal
> conclusions of the trial judge unless . . . convinced that

---

[2]  The D'Atria opinion refers to Rule 1:10-5, but that rule has been amended and re-designated as Rule 1:10-3.  Pressler & Verniero, Current N.J. Court Rules, note on R. 1:10-3 (2019).

4

they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice" or when we determine the court has palpably abused its discretion.

[Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (alteration in original) (quoting Cesare, 154 N.J. at 412).]

We will reverse the judge's decision "[o]nly when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' . . . to ensure that there is not a denial of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007)).

Applying these principles, plaintiff's arguments concerning the July 31, 2018 remand order reveal nothing "so wide of the mark" that we could reasonably conclude that a clear mistake was made by the judge. We discern no basis for disturbing the judge's determination to begin the enforcement process by requiring defendant to first pay plaintiff an additional $100 per week toward his alimony arrearages, together with a specified sum in connection with the parties' former home, while holding other, more stringent enforcement options in abeyance for possible future use in the event defendant continued his recalcitrance.

Similarly, the judge did not mistakenly exercise his discretion in awarding plaintiff some, but not all, of the counsel fees she sought. The judge meticulously applied the factors under <u>Rule</u> 5:3-5(c), with the beneficial perspective of having presided over the majority of the proceedings involving the parties.

Finally, we reject plaintiff's request that we again remand the matter and order the judge to provide additional findings concerning his determinations. Contrary to plaintiff's contention, the judge's written order and statement of reasons demonstrated that all of plaintiff's contentions were heard and considered.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4870-17T3